UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:21-cv-00966-JWK (KKx) | Date | May 9, 2022 |
|---|---|---|---|
| Title | *Noelia Mendoza Sanchez v. Daniel Matthew Talman, et al.* | | |

| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER TO SHOW CAUSE RE:  SUBJECT MATTER JURISDICTION (IN CHAMBERS)**

Plaintiff Noelia Mendoza Sanchez filed her Complaint in San Bernardino County Superior Court in March 2021.[1]  Three months later, Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company (jointly, "Wells Fargo") removed this action to this Court.[2]  In its Notice of Removal, Wells Fargo asserted that Mendoza Sanchez's Complaint "presents a federal question and the Court has supplemental jurisdiction over any state law related claims."[3]  *See* 28 U.S.C. § 1441 (providing procedures for the removal of civil actions); 28 U.S.C. § 1331 (establishing federal question jurisdiction); 28 U.S.C. § 1367 (governing supplemental jurisdiction).  Wells Fargo's jurisdictional statement was correct because in her Complaint, Mendoza Sanchez sought relief under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*[4]

---

[1]   *See* Notice of Removal, Ex. A (the "Complaint") [ECF No. 1-1].

[2]   *See* Notice of Removal (the "Notice") [ECF No. 1].

[3]   *Id.* at 2:10-11.

[4]   *Id.* at ¶ 5; *see also* Complaint ¶¶ 44-48.

Mendoza Sanchez filed her operative Amended Complaint in February 2022.[5] In that pleading, Mendoza Sanchez no longer asserts a claim for relief arising under federal law.[6] Accordingly, it appears that the Court no longer has subject matter jurisdiction under 28 U.S.C. § 1331.

District courts also "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. Here, Mendoza Sanchez alleges that she is a California resident and that so too are Defendants Daniel Matthew Talman, Bankers Hill Capital Inc., and Wells Fargo & Company.[7] Based upon those allegations, therefore, it appears that the Court also lacks jurisdiction under 28 U.S.C. § 1332.

Accordingly, the Court hereby **ORDERS** as follows:

1. The parties are **ORDERED to SHOW CAUSE** why this action should not be remanded to San Bernardino County Superior Court for lack of federal subject matter jurisdiction. The parties are **DIRECTED** to respond to this Order to Show Cause in writing no later than 12:00 noon on May 20, 2022. Failure to respond may result in the Court *sua sponte* remanding this action to state court.

2. A video hearing on this Order to Show Cause is **SET** for June 3, 2022, at 11:00 a.m.

**IT IS SO ORDERED.**

---

[5]     *See* Am. Compl. (the "Amended Complaint") [ECF No. 36].

[6]     *Id.*

[7]     *Id.* at ¶¶ 1-4.