JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

| Case No. | 5:21-cv-00966-JWH (KKx) | Date | June 6, 2022 |
|---|---|---|---|
| Title | *Noelia Mendoza Sanchez v. Daniel Matthew Talman, et al.* | | |

| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |
|---|---|

| Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER REMANDING CASE (IN CHAMBERS)**

Plaintiff Noelia Mendoza Sanchez filed her Complaint in San Bernardino County Superior Court in March 2021.[1]  Three months later, Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company (jointly, "Wells Fargo") removed this action to this Court.[2]  In its Notice of Removal, Wells Fargo asserted that Mendoza Sanchez's Complaint "presents a federal question and the Court has supplemental jurisdiction over any state law related claims."[3]  *See* 28 U.S.C. § 1441 (providing procedures for the removal of civil actions); 28 U.S.C. § 1331 (establishing federal question jurisdiction); 28 U.S.C. § 1367 (governing supplemental jurisdiction).  Wells Fargo's jurisdictional statement was correct because in her Complaint, Mendoza Sanchez sought relief under a federal statute, the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*[4]

---

[1]   *See* Notice of Removal, Ex. A (the "Complaint") [ECF No. 1-1].

[2]   *See* Notice of Removal (the "Notice") [ECF No. 1].

[3]   *Id.* at 2:10-11.

[4]   *Id.* at ¶ 5; *see also* Complaint ¶¶ 44-48.

Mendoza Sanchez filed her operative Amended Complaint in February 2022.[5] In that pleading, Mendoza Sanchez no longer asserts a claim for relief arising under federal law.[6] Accordingly, after Mendoza Sanchez filed her Amended Complaint, it appeared to the Court that it no longer had subject matter jurisdiction under 28 U.S.C. § 1331.

In May 2022, therefore, the Court ordered the parties to show cause why it should not remand this action to San Bernardino County Superior Court.[7] Wells Fargo and Mendoza Sanchez timely responded to the Court's OSC.[8]

Wells Fargo acknowledges that Mendoza Sanchez no longer seeks relief under federal law,[9] but it contends that the Court "should [nevertheless] exercise pendent claim jurisdiction."[10] Specifically, Wells Fargo argues that the Court should exercise "pendent claim jurisdiction" to promote "judicial economy" and "because the allegations that give rise to" Mendoza Sanchez's California Consumer Credit Reporting Agencies Act claims "are covered by the [FCRA.]"[11] Wells Fargo acknowledges, however, that when a plaintiff abandons a federal claim, "federal courts have *discretion* to grant or deny remand[.]"[12]

"The exercise of supplemental jurisdiction . . . is discretionary, not a matter of right." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1207 (C.D. Cal. 2013). "[D]istrict courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity." *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-173 (1997)).

---

[5] *See* Am. Compl. (the "Amended Complaint") [ECF No. 36].

[6] *Id.*

[7] *See* Min. Order to Show Cause (the "OSC") [ECF No. 49].

[8] *See* Defs.' Response (the "Wells Fargo Response") [ECF No. 52]; Pl.'s Response [ECF No. 53].

[9] *See generally* Wells Fargo Response.

[10] *Id.* at 5:6.

[11] *Id.* at 5:8-12.

[12] *Id.* at 9:7 (emphasis added).

Here, the Court finds that remand is appropriate. First, neither party will suffer prejudice from remand, as no significant litigation has taken place while the case has been pending in federal court. Second, there are no federal claims in the Amended Complaint, so state court is the appropriate forum for this action.

Accordingly, the Court hereby **ORDERS** that this case is **REMANDED** to San Bernardino Superior Court.

**IT IS SO ORDERED.**